JOSHUA G. WING, administrator, *vs.* JOSHUA G. ANDREWS.

*Nominal party — who is not. Witness — defaulted co-defendant not competent at common law.*

When a promissory note belongs to and is sued for the benefit of an intestate estate in the name of the administrator, the plaintiff cannot be deemed a nominal party within the third clause of R. S. c. 82, § 87, whether the proceeds finally go to pay the debts of the estate or to the plaintiff as heir at law of the intestate.

In an action on a joint and several promissory note, against a principal and surety, the defaulted principal is not a competent witness, at common law, for the surety to prove that after the note became due, the payee for a valuable consideration paid by the principal, extended its time of payment, without the knowledge or consent of the surety.

ON REPORT.

ASSUMPSIT on a promissory note, signed by Joshua G. Andrews and Marcellus Steward, surety, of the following tenor :

"$300.00.          NORTH ANSON, Maine, Aug. 10, 1863.

For value received, I promised to pay Jabez Wing, or order, three hundred dollars, in one year from date, and interest."

The note bore the following indorsement :

" Joshua Wing, administrator of estate of Jabez Wing."

Joshua Wing was administrator on the estate of Jabez Wing, and was his father.

The principal was defaulted.   The surety pleaded the general issue and brief statement " that the plaintiff's intestate does not own the note in suit, but long since sold and indorsed over said note to one Simon Wing, who now owns the same ; and that said deceased, in his life-time, after said note became due, without the knowledge or consent of said Marcellus Steward, who was surety therein, for a valuable consideration paid by Joshua G. Andrews, the principal in said note, extended the time of payment thereof ; and that at the time the note became due said principal had sufficient property to pay the same, if payment thereof had then been enforced, but since that time he has become worthless."

It appeared that an action was commenced on this note in the name of Simon Wing, brother of the deceased and son of the plaintiff, and returnable in this county, at the September term, 1869 ; that it was tried at the September term, 1870, when the jury disagreed ; that the present plaintiff and the said Simon were both witnesses for the plaintiff in that action ; that after the trial, the plaintiff in that action became nonsuit.

Simon Wing, called by the plaintiff, testified substantially, That

the indorsement is his handwriting, placed there at the time it was left with an attorney for collection, at his suggestion, without any authority of his father; that witness never had any interest in the note; that his father owned it so far as witness knew, he being administrator of brother's estate; that witness' father saw the indorsement at the other trial and did not object to it, but suffered the suit to go on; and that the note was handed to witness for collection.

The defendant introduced the indorsement, through which a pencil mark was drawn by the plaintiff's counsel, in the presence of the defendant's counsel, after the commencement of the trial.

*J. S. Abbott*, for the plaintiff.

*J. Baker & J. J. Parlin*, for the defendant.

" For value received I promise to pay," makes a joint and several note, so that judgment can go against the defaulted principal, though the surety should be discharged. *Woodman* v. *Ware*, 37 Maine, 563; *Chaffee* v. *Jones*, 19 Pick. 260–264; *Coburn* v. *Ware*, 25 Maine, 350. Bradlee, the defaulted principal, would not, therefore, be swearing himself out of court at the same time with the surety.

Nor could his testimony affect the amount of damages against himself.

The defaulted principal's interest is balanced, and hence cannot be excluded on account of interest.

The defaulted principal is not offered to prove facts showing the note void at its inception; but simply to prove that by subsequent facts the surety had been released.

Nor is he incompetent merely because he was originally a party to the suit. He is no longer in fact or in substance a party. The case is fully ended as to him, he raises no issue and files no plea. The surety files a plea on his own several promise, and that issue alone is joined.

Defaulted defendants in torts are now competent witnesses.

In an action on a joint and several note against principal and surety, the defaulted principal is a competent witness for the con-

testing surety to prove that by transactions subsequent to the inception of the note, the surety has been released. 1 Greenl. on Ev., §§ 355, 356, 357, 360; *Chaffee* v. *Jones*, 19 Pick. 260 ; *Bradlee* v. *Neal*, 16 Pick. 501.

APPLETON, C. J.   The note in suit is payable to Jabez Wing, or order.   Upon his decease, the plaintiff, his father, was appointed administrator.

The question presented for determination is whether the plaintiff is a nominal party within the third clause of R. S. 1871, c. 82, § 87.

If the note belonged to the estate of the son, the plaintiff cannot be regarded as a nominal party, unless we hold all administrators nominal parties, and it is not pretended that such is the law. The money, when collected, would belong to the estate which the plaintiff is administering.   It would be a part of its assets to be administered according to law.   It may be needed for the payment of debts.   If it constitutes the whole estate, a part of it would be required to meet the charges of administration and funeral expenses. Upon the settlement of the estate, it may, in part or in whole, by the final order of distribution, become the father's as heir at law. But until such order, the plaintiff holds the note or the money received therefrom in his representative capacity, and not as heir at law.   Unless, therefore, we hold all administrators as nominal parties, the present plaintiff is not one, if the note in question was part of the estate of the son.

It is argued that the title to the note was in the father before the death of the son.   But such is not shown to be the case.   It was not indorsed by the son.   It is not proved to have been delivered by him to the father.   Simon Wing, in his testimony, speaking of the father's ownership, manifestly refers to him as holding the property as administrator.   " He is administrator of my brother's estate.   He owns the property left by my brother."   There is no evidence tending to show that the father had in any way acquired a title to the note before the death of the son.   Nor does the de-

fendant, in his plea, allege any such fact. It asserts title to have been in Simon Wing, a fact which the entire evidence disproves.

It seems that Simon Wing, having received the note for collection, indorsed the name of the plaintiff thereon, and commenced a suit in his own name. If the indorsement was unauthorized, it would be of no avail. If sanctioned by the father, the legal title would be in the indorsee, but the equitable title would be in the plaintiff, for whose benefit the indorser undertook its collection. If the money had been collected by Simon Wing, it would have belonged to the father as administrator, and must have been accounted for by him as part of the assets of the estate.

Instead of collecting it, Simon Wing struck out the indorsement and delivered the plaintiff his own note, thus reinvesting him with the legal title, the equitable having remained in him. The note is, therefore, as much a part of the estate as it ever was, and the plaintiff, in his representative capacity, is bound to account for it as such.

The testimony upon which the defense rests is that the plaintiff's intestate, without the knowledge or consent of Steward, the surety for a valuable consideration, extended the time of payment of the note. The evidence proposed is the testimony of the defendant as to a contract to which the deceased was a party and as to which his statements cannot be had. To guard against this, the legislature specially enacted that where one of the parties sues as executor or administrator, the adverse party is not a witness, except when the party suing in a representative capacity is a nominal party, that is, when the funds derivable from the suit do not belong to the estate, but do belong to some individual to whom the demand in suit had been assigned, and who is compelled, by the rules of law, to prosecute in the name of the administrator. But this plaintiff is not a nominal one, for he prosecutes for the benefit of the estate, and it matters not whether the funds collected belong to the estate for the payment of its debts or to him as the heir at law of his son.

The defaulted principal is not a witness at common law. By its

rules  his  position  as  party  to  the  record  precludes  his  testifying,
notwithstanding  he  may  be  without  interest.    *Gilman* v. *Bowden*,
12  Maine, 412.; *Kennedy* v. *Niles*, 14  Maine,  54.  ·

*Judgment for plaintiff.*

KENT,  WALTON, BARROWS,  and  DANFORTH,  JJ.,  concurred.